ID# E-H5QFQL5L-4PW
⚖ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**26-A-2730**

**MAY 08, 2026 12:14 PM**

*Tahnicia Phillips*

Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

# IN THE STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>26-A-2730</u>

$202.00 COST PAID

Davis, John

_____
**PLAINTIFF**

**VS.**

QuikTrip Corporation

_____
**DEFENDANT**

## SUMMONS

TO: QUIKTRIP CORPORATION

    You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **Willie Ellis, Jr.**
> **The Ellis Firm**
> **3400 Peachtree Road**
> **Ste.725**
> **Atlanta, Georgia 30326**
> **will@call-ellis.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

    If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 13th day of May, 2026.**

        Clerk of State Court



    *Tahnicia Phillips*

Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

> DEFENDANT'S
> EXHIBIT
> **1**

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division
SC-1
Rev'd 10/24

Page 1 of 1



ID# E-H5QFQL5L-LP2
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**26-A-2730**

MAY 08, 2026 12:14 PM

*Tahnicia Phillips*

Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

### IN THE STATE COURT OF COBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **JOHN DAVIS,** | Civil Action File No. |
| **Plaintiff,** | |
| **vs.** | |
| **QUIKTRIP CORPORATION and JOHN DOE 1-5,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

Plaintiff JOHN DAVIS ("Plaintiff"), by and through undersigned, files this COMPLAINT FOR DAMAGES against QUIKTRIP CORPORATION ("QuikTrip") and JOHN DOE 1-5, showing this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff JOHN DAVIS ("Plaintiff") is a resident and citizen of the State of Georgia and submits to the jurisdiction and venue of this Court.

2.

Defendant QUIKTRIP is a foreign corporation authorized to do business in the State of Georgia, with its principal office located at 4705 South 129th East Avenue, Tulsa, Oklahoma, 74134-7008. QuikTrip owns and/or operate a QT gas station located at 2180 Windy Hill Rd. Smyrna, Cobb County, Georgia 30080, which is location where this cause of action originated. QuikTrip may be served with a copy of the Summons and Complaint through its registered agent for service, The Corporation Company which is located at 410 Peachtree Parkway, Ste. 4245, Cumming, Georgia 30041.



3.

John Doe 1-5 are individuals who, at all times relevant to this matter, were engaged in the training, supervision, and/or operational direction of employees, contractors, and/or agents responsible for supervising, inspecting, maintaining, and cleaning the parking lot of the QuikTrip gas station located at 2180 Windy Hill Rd., Smyrna, Cobb County, Georgia 30080. The true names and identities of John Doe 1-5 are presently unknown to Plaintiff but are, upon information and belief, known to QuikTrip. Plaintiff will amend this Complaint to substitute the true names and identities of said Defendants upon discovery. At all times relevant, John Doe 1-5 were acting within the course and scope of their duties and/or authority relating to the maintenance, supervision, and safety operations of the Premises.

**JURISDICTION AND VENUE**

4.

By virtue of the facts alleged herein, venue of this action is properly laid in this Court, pursuant to Article VI, Section II, Paragraph VI of the 1983 Constitution of the State of Georgia and O.C.G.A §§ 9-10-93 and 14-2-510 (b)(3). The incident giving rise to this action occurred in Cobb County, Georgia. QuikTrip maintain gas stations and otherwise transacts business in Cobb County, Georgia.

5.

John Doe 1-5 are employees, contractors, and/or agents of QuikTrip who, at all times relevant to this action, participated in and/or were responsible for the negligent inspection, maintenance, supervision, and/or cleaning activities that gave rise to the incident made the basis of this action. As alleged joint tortfeasors, John Doe 1-5 are subject to the jurisdiction and venue of this Court based on their conduct occurring within Cobb County and their participation in the

-2-

acts and omissions giving rise to Plaintiff's claims.

## **RELEVANT FACTS**

6.

Defendant QuikTrip owns, operates, and/or maintains a gas station located at 2180 Windy Hill Rd., Smyrna, Cobb County, Georgia 30080 ("Premises").

7.

At all times relevant to the Complaint, John Doe 1-5 were employees, agents, and/or contractors of Defendant QuikTrip who were responsible for the inspection, maintenance, supervision, and cleaning of the Premises.

8.

On December 25, 2025, at or around 7:30 a.m., Plaintiff entered the convenience store on the Premises to make purchases.

9.

After completing his purchase, Plaintiff exited the store and proceeded to walk toward his vehicle, which was parked on the Premises.

10.

As Plaintiff walked toward his vehicle, he suddenly and without warning slipped and fell on water, soap, oil, debris and/or other contaminants on the ground and was injured.

11.

At the time of his slip and fall, Plaintiff was exercising ordinary care for his own safety.

12.

Unbeknownst to Plaintiff, Defendant QuikTrip's contractors, employees, and/or agents (John Doe 1–5), while cleaning the parking lot and/or performing other activities thereon, caused

and/or allowed water, soap, oil, debris, and/or other contaminants to be deposited and remain on the walking surface in the area where customers, including Plaintiff, were expected to walk, thereby creating a hazardous and slippery condition.

13.

Defendant QuikTrip's contractors, employees, and/or agents (John Doe 1–5) failed to place cones, warning signs, or any other warnings in the area where Plaintiff was walking to alert him to the hazardous and slippery condition.

14.

Defendant QuikTrip's contractors, employees, and/or agents (John Doe 1–5) failed to place caution tape, barricades, or other barriers to restrict access to the hazardous area and prevent customers, including Plaintiff, from encountering the slippery condition.

15.

Defendant QuikTrip's contractors, employees, and/or agents (John Doe 1–5) failed to properly remove, dry, clean, or remediate the hazardous and slippery condition created during the cleaning of the parking lot.

16.

Plaintiff had no actual or constructive knowledge of the hazardous and slippery condition on the Premises prior to his fall.

17.

As a result of the fall on the Premises, Plaintiff suffered injuries to, among other things, his right shoulder, neck, and back.

18.

As a result of the subject incident, Plaintiff has incurred and will continue to incur medical

-4-

expenses and other damages.

## COUNT I – NEGLIGENCE OF ALL DEFENDANTS

19.

Plaintiff incorporates paragraphs 1 through 18 as though fully set forth herein.

20.

Defendant QuikTrip and John Doe 1-5 owed a duty to Plaintiff to exercise ordinary care in keeping the walking surface of the Premises safe.

21.

Defendant QuikTrip and John Doe 1-5 owed a duty to Plaintiff to clean the Premises in a manner that did not create a risk of injury to Plaintiff.

22.

Defendant QuikTrip and John Doe 1-5 breached that duty by:

(a) allowing water, soap, oil, debris and/or other contaminants to spread across the area where Plaintiff was walking the area while cleaning the Premises;

(b) failing to dry, remove, or remediate water, soap, oil, debris, and/or other contaminants created during cleaning of the Premises;

(c) failing to warn Plaintiff of water, oil, soap, debris, and/or other contaminants created during cleaning of the Premises;

(d) failing to restrict access to the area where water, soap, oil, debris, and/or other contaminants created during cleaning of the Premises had caused slippery walking conditions;

(e) failing to implement reasonable safety policies and procedures to protect customers, including Plaintiff, from encountering slippery walking conditions

-5-

caused by water, soap, oil, debris, and/or other contaminants created during cleaning of the Premises; and

(f) failing to properly train and supervise employees performing cleaning and/or related activities in areas of the Premises where customers, including Plaintiff, are reasonably expected to walk.

23.

Defendant QuikTrip had actual and/or constructive knowledge of the hazardous walking condition, while Plaintiff lacked knowledge of the condition despite exercising ordinary care for his own safety.

24.

The slippery walking conditions that caused Plaintiff's fall were not open and obvious.

25.

As a direct and proximate result of Defendants QuikTrip and John Doe 1-5's aforementioned breaches of duties and negligence, Plaintiff suffered physical injuries, pain and suffering, medical expenses, lost earnings, and other damages.

## COUNT II – VICARIOUS LIABILITY

26.

Plaintiff incorporates the allegations set forth in Paragraphs 1 through 25 as though fully set forth herein.

27.

At all times relevant hereto, Defendant QuikTrip's agents, servants, employees, contractors, apparent agents, and/or representatives – including John Doe 1–5 – were acting within the course and scope of their employment, agency, contractual duties, and/or authority on behalf

of Defendant Quik Trip in performing cleaning, maintenance, inspection, and safety-related activities on the Premises, including the parking lot and pedestrian walking areas.

28.

Defendant QuikTrip exercised control, or retained the right to exercise control, over the manner, method, timing, supervision, safety procedures, warnings, and access restrictions associated with John Doe 1-5's cleaning activities being performed on the Premises.

29.

During the course of the cleaning activities discussed herein, water, soap, oil, debris, and/or other contaminants were left on the walking surface, creating slippery walking conditions in areas where customers, including Plaintiff, were reasonably expected to walk.

30.

Defendant QuikTrip, through its agents, servants, employees, contractors, apparent agents, and/or representatives (John Doe 1-5), failed to properly supervise the cleaning activities, failed to inspect for dangerous slippery conditions created by the cleaning activities, failed to warn Plaintiff of the dangerous condition, and failed to place cones, caution tape, barricades, and/or other barriers to restrict customer access to the affected area.

31.

The acts and omissions complained of herein occurred while Defendant QuikTrip's agents, servants, employees, contractors, apparent agents, and/or representatives (John Doe 1-5) were acting within the course and scope of their employment, agency, contractual duties, and/or authority on behalf of Defendant QuikTrip, rendering Defendant QuikTrip vicariously liable under the doctrines of respondeat superior and agency.

32.

Defendant QuikTrip Corporation owed Plaintiff a nondelegable duty pursuant to O.C.G.A. § 51-3-1 to exercise ordinary care in keeping the Premises and approaches safe and cannot avoid liability by delegating cleaning, maintenance, inspection, and/or safety responsibilities to third parties.

## DAMAGES

33.

Plaintiff incorporates the allegations set forth in Paragraphs 1 through 32 as though fully set forth herein.

34.

As a direct and proximate result of the negligence of Defendant QuikTrip and John Doe 1-5, Plaintiff suffered serious bodily injuries when he fell on the subject slippery walking surface.

35.

Plaintiff's injuries include physical pain and suffering, disability, impairment, and loss of capacity to enjoy life, both past and future. Plaintiff has incurred medical expenses for treatment of said injuries and will, within a reasonable degree of medical certainty, incur additional medical expenses in the future.

36.

Plaintiff further seeks recovery for past, present, and future pain and suffering, mental anguish, inconvenience, and emotional distress caused by the incident and resulting injuries.

37.

Plaintiff's damages are permanent or long-term in nature and will require ongoing medical care, treatment, and monitoring. Accordingly, Plaintiff seeks to recover all damages allowed under

Georgia law in an amount to be determined by the enlightened conscious of a jury at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Davis respectfully prays for the following:

1. that Process issue as provided by law;

2. that Plaintiff have and recover from Defendants all damages sustained as a result of their negligence, both past and future, including but not limited to medical expenses, pain and suffering, mental anguish, and loss of enjoyment of life;

3. that judgment be entered in an amount to be determined by a jury at trial;

4. that Plaintiff recovers all costs of this action; and

5. that Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of May, 2026.

**THE ELLIS FIRM**

*s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116

3400 Peachtree Road N.E.
Suite 725
Atlanta, Georgia 30326                *Counsel for Plaintiff*
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

**General Civil and Domestic Relations Case Filing Information Form**

ID# E-H5QFQL5L-U4T
⊞ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

26-A-2730

MAY 08, 2026 12:14 PM

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

☐ **Superior** or ☑ **State Court of** <u>Cobb</u>  **County**

| **For Clerk Use Only** | |
|---|---|
| **Date Filed** <u>05-08-2026</u>  **MM-DD-YYYY** | **Case Number** <u>26-A-2730</u> |

**Plaintiff(s)**

Davis, John

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

QuikTrip Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** <u>Ellis, Willie Jr</u>    **Bar Number** <u>246116</u>    **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| **General Civil Cases** | **Domestic Relations Cases** |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Contempt |
| ☐ Contract | ☐ Non-payment of child support, medical support, or alimony |
| ☐ Contempt/Modification/Other Post-Judgment | ☐ Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ Garnishment | ☐ Family Violence Petition |
| ☑ General Tort | ☐ Modification |
| ☐ Habeas Corpus | ☐ Custody/Parenting Time/Visitation |
| ☐ Injunction/Mandamus/Other Writ | ☐ Paternity/Legitimation |
| ☐ Landlord/Tenant | ☐ Support – IV-D |
| ☐ Medical Malpractice Tort | ☐ Support – Private (non-IV-D) |
| ☐ Product Liability Tort | ☐ Other Domestic Relations |
| ☐ Real Property | |
| ☐ Restraining Petition | |
| ☐ Other General Civil | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                   Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

ID# E-W5WXJDKZ-GEZ
🖷 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**26-A-2730**
**MAY 19, 2026 10:33 AM**

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

STATE COURT OF COBB COUNTY STATE OF GEORGIA

**JOHN DAVIS**

    *Plaintiff(s) / Petitioner(s)*

v.

Case No.: 26-A-2730

**QUIKTRIP CORPORATION, JOHN DOE 1-5**

    *Defendant(s) / Respondent(s)*

## AFFIDAVIT OF SERVICE

I, Michael Armstrong, being duly sworn, state:

I am a specially appointed or permanent process server authorized to complete this service.

I served the following documents to QuikTrip Corporation in Forsyth County, GA on May 15, 2026 at 11:42 am at 410 Peachtree Pkwy, Ste 4245, Cumming, GA 30041-7407 by leaving the following documents with Kira Saldono who as INTAKE_SPECIALIST at CT Corp is authorized by appointment or by law to receive service of process for QuikTrip Corporation.

Complaint for damages
Summons (TO: QUIKTRIP CORPORATION)
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS,
INTERROGATORIES, AND REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT QUIKTRIP CORPORATION

Additional Description:
Left documents with register agent Kira Saldono
Race: White, Sex: Female, Est. Age: 18-24, Hair: Brown, Glasses: Y, Est. Weight: 120 lbs to 140 lbs, Est. Height: 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=34.1540537,-84.1784813
Photograph: See Exhibit 1

Total Cost: $115.00

Server Signature
Michael Armstrong
+1 (850) 324-2796

Subscribed and sworn to before me this 18 day of
May ,2026 , by
MICHAEL ARMSTRONG .
Server Name

Witness my hand and official seal.

Notary Public

My commission expires:
08/16/2026

Notary Stamp







Exhibit 1a)

PULL

SUITE 4245

May 15, 2026 11:37:07
410 Peachtree Parkway
Cumming
Forsyth County
Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN DAVIS,

     **Plaintiff,**

vs.

QUIKTRIP CORPORATION and JOHN
DOE 1-5,

     **Defendants.**

Civil Action File No.

_____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT QUIKTRIP CORPORATION

**YOU ARE HEREBY REQUESTED,** pursuant to O.C.G.A. § 9-11-26 and in accordance with the applicable rules of civil procedure, to produce at the offices of The Ellis Firm, located at 3400 Peachtree Road N.E., Ste. 725, Atlanta, Georgia 30326, within 45 days following service of these Admissions, Interrogatories, and Request for Production of Documents by responding to each Admission and Interrogatory and attaching requested documents to your legal response to these Requests and mailing to Plaintiff's counsel true and correct copies of all such requested documents and tangible items.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term **"Document"** as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).

-1-

This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    **"Person"** means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a) **"Identify"** with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

4.    (b) **"Identify"** with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such

document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5.     **"Subject Incident"** means the incident wherein Plaintiff JOHN DAVIS incurred injuries on December 25, 2025, while visiting QuikTrip, located at 2180 Windy Hill Rd. Smyrna, Georgia 30080.

6.     **"Premises"** means QuikTrip, located at 2180 Windy Hill Rd. Smyrna, Georgia 30080.

7.     **"You"** **"Your"** or **"Defendant"** means QuikTrip Corporation.

8.     **"Plaintiff"** shall mean JOHN DAVIS.

9.     **"Similar"** shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same." If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

YOU ARE HEREBY NOTIFIED that Plaintiff intends to rely upon the provisions of the O.C.G.A. § 9-11-37(c), and, in the event that you fail to make the admissions requested, Plaintiff will file an application for the reasonable expenses incurred in making proof of those matters regarding which admissions are requested, including reasonable attorney's fees.

NOTE A: If you cannot truthfully admit or deny any of the below requested admissions, then, please set forth in detail the reason or reasons you cannot truthfully admit or deny the requested admission. A general statement that you cannot admit or deny a requested admission,

-3-

unaccompanied by reason, is an insufficient response.

NOTE B: If you should deny any of the below requested admissions, then your denial is required to meet the substance of the requested admission. When good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you are required to specify so much of the requested admission as is true and qualify or deny only the remainder.

NOTE C: You cannot give lack of information or knowledge as a reason for failure to admit or deny any of the below requested admissions unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

NOTE D: If you fail to admit the truth of any matter requested, and if Plaintiff at trial proves the truth of the matter requested, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff's reasonable expenses and attorney's fees incurred in making the proof.

**YOU ARE REQUESTED** to admit, for the purpose of this action only, that each of the following statements is true:

1.     QuikTrip is subject to the jurisdiction and venue of this Court.

2.     QuikTrip has been properly served with Summons and Complaint.

3.     On December 25, 2025, Defendant QuikTrip owned, operated, and maintained the gas station located at 2180 Windy Hill Rd. Smyrna, Georgia 30080.

4.     QuikTrip provided fuel options and convenience store items for sale at the Premises in exchange for payment.

5.     On December 25, 2025, Plaintiff was lawfully on the Premises.

6.    On December 25, 2025, Defendant QuikTrip was responsible for the inspection, maintenance, and safety of the parking lot at the subject Premises.

7.    On December 25, 2025, Defendant QuikTrip or its employees, agents, and/or contractors were performing cleaning activities in the parking lot of the Premises.

8.    QuikTrip knew, or in the exercise of ordinary care should have known, that cleaning the parking lot could create slippery conditions if water, soap, oil, debris, or other substances were left on the walking surface.

9.    At the time Plaintiff fell, the area where Plaintiff was walking contained water, soap, oil, debris, and/or other contaminants.

10.    QuikTrip did not place cones in the area where Plaintiff fell prior to the incident.

11.    QuikTrip did not place caution tape, barricades, or other barriers to restrict access to the area where Plaintiff fell prior to the incident.

12.    QuikTrip did not provide any warning to customers regarding a slippery condition in the area where Plaintiff fell prior to the incident.

13.    QuikTrip's employees, agents, and/or contractors were responsible for supervising the cleaning activities occurring in the parking lot at the time of Plaintiff's fall.

14.    QuikTrip possesses, controls, or has access to surveillance video footage of the exterior premises for December 25, 2025, including the time period surrounding Plaintiff's fall.

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES

Plaintiff, pursuant to O.C.G.A. § 9-11-33 (Georgia Civil Practice Act Section 33), submits herewith to Defendant **QUIKTRIP CORPORATION**, for response within thirty (30) days from the date of service, in the form prescribed by law, the following Interrogatories, the same being continuing in nature, requiring a supplemental response upon the discovery of other or future

-5-

information or documents affecting the response of Defendant. In responding, Defendant is requested to answer fully, based on all information available to Defendant's possession, or in the possession of any agent, investigator, employee, or attorney acting in Defendant's behalf. You cannot give lack of information or knowledge as a reason for failure to answer any of the below requested interrogatories unless you have made reasonable inquiry and investigation to obtain the information sufficient to answer the interrogatory.

NOTE A: When used in these Interrogatories, the term "you," or any synonym thereof, is intended to and shall embrace and include **QUIKTRIP CORPORATION** and in addition, all agents, servants, employees, representatives, private investigators, attorneys, and others who are in possession of or may have obtained information for or on behalf of Defendants, with regard to this case.

NOTE B: In these interrogatories, when any reference is made to the Defendant or Defendants, it shall embrace and include in addition to Defendants, any counsel for Defendants, and all agents, servants, employees, representatives, private investigators, and others who are in possession of or may have obtained information for or on behalf of the Defendant.

NOTE C: Pursuant to the provisions of O.C.G.A. § 9-11-26(e), these Interrogatories are continuing, and, if at any time after you have answered, new or additional information comes to your attention, you are required to furnish such new or additional information to Plaintiff and to file and serve upon counsel for Plaintiff supplemental Answers within thirty (30) days from receipt of such information and, in all events, at least ten (10) days prior to the time of trial. This "Request for Supplemental Responses" is made pursuant to O.C.G.A. § 9-11-26(e)(3).

## <u>INTERROGATORY NO. 1</u>

Identify the individual(s) who participated in providing Defendant's responses to these

Interrogatories and describe the scope of each person's involvement in the preparation of the responses.

## INTERROGATORY NO. 2

Identify each person (including last contact information) who had responsibility for the supervision, inspection, maintenance, and/or safety of the parking lot where the incident occurred on the date in question, including their job title.

## INTERROGATORY NO. 3

Identify each employee, agent, or contractor of Defendant by title (including last contact information) who was present at the subject location within four (4) hours before and after the subject incident.

## INTERROGATORY NO. 4

State whether Defendant contends that any third party caused or contributed to the incident, and if so, identify each such person or entity and describe with specificity the factual basis for that contention.

## INTERROGATORY NO. 5

Describe in detail all training provided to contractors, employees and/or agents assigned to the subject store regarding cleaning the parking lot, including the frequency of such training and the identity of the persons responsible for conducting it.

## INTERROGATORY NO. 6

Please describe in detail the procedure, frequency, and time the subject parking lot was cleaned, inspected and/or maintained before Plaintiff's fall on the date of the incident, including the nature of the cleaning, inspection, maintenance, as well the name of any cleaning products used.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to O.C.G.A. § 9-11-34, hereby requests that Defendant produces and permits the Plaintiff to inspect and copy the documents which are hereafter requested.

NOTE A: Should Defendant consider any particular documents requested herein as being privileged, please identify said documents and give the following information regarding any such documents in a privilege log:

1. Its nature, for example, whether it is a letter, memorandum, etc.,

2. The date upon which it was made, and

3. By whom it was made and to whom addressed, and if copies were sent to any person, to whom such copies were sent.

NOTE B: This request for production of documents shall be deemed continuing in nature, and, if at any time after Defendant has produced the requested documents, or otherwise responded hereto, further documents (called for in these requests but not previously produced), come into Defendants' control and possession then, Defendant is requested to respond further and to produce the said documents at the earliest possible time, but, in any event, the documents should be produced prior to the time of trial.

NOTE C: As used herein, the term "documents" includes every record of every type, including without limitation, any written, printed, typed, recorded or graphic matter however produced or reproduced, in the possession, custody, or control of Defendant, or any agent, employee, or attorney for Defendant, and all drafts, notes, or preparatory material concerned with said documents where such copy contains any commentary, notation, or other change whatsoever that does not appear on the original or other copy of the document produced. The term "documents" shall also include any summary of any document or documents called for hereinafter.

-8-

**YOU ARE HEREBY REQUESTED** to produce the following documents:

1. A complete and true copy of all insurance and/or excess umbrella policies that may cover the claims in this lawsuit, including declaration pages and policy endorsements.

2. A complete and true copy of all incident reports, witness statements, complaints, and written communications – including but not limited to emails, text messages, and chat logs – related to the subject incident, whether generated before, during, or after the event.

3. A complete and accurate copy of all video recordings, surveillance footage, photographs, or audio recordings from the premises capturing events related to the subject incident on December 25, 2025.

4. A complete and true copy of all policies, procedures, guidelines, instructions, and training manuals provided to employees and contractors that were in effect on December 25, 2025, regarding the cleaning, maintenance, and safety of the Premise, including cleaning the gas station parking lot.

10. A complete and true copy of any and all communications with insurance providers regarding the incident involving Plaintiff, including claim notifications and coverage determinations.

11. A complete and true copy of all employment records for the employees that were working at the gas station on December 25, 2025, at the time Plaintiff slipped and fell.

12. A complete and true copy of all documents pertaining to any employee and/or contractor that performed any cleaning work in the Premises' parking lot on December 25, 2025.

13. A complete and true copy of all documents evidence any warning or safety signage used on or around the parking before and after Plaintiff slipped and fell, including photos, videos, and/or records of the placement of same.

Respectfully submitted this 8th day of May, 2026.

**THE ELLIS FIRM**

/s/ *Willie C. Ellis Jr.*

WILLIE C. ELLIS JR.
Georgia Bar No. 246116

3400 Peachtree Road NE Ste. 725
Atlanta, Georgia 30326
Phone: (770) 212-1432
Fax: (404) 393-2392
will@call-ellis.com

-10-

ID# E-GHRNFTNN-MVS
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**26-A-2730**

**JUN 12, 2026 12:28 PM**

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN DAVIS,                                )
                                           )
    **Plaintiff,**                  )
                                           )
                                           )    **CIVIL ACTION**
v.                                         )    **FILE NO.  26-A-2730**
                                           )
QUIKTRIP CORPORATION and                   )
JOHN DOES 1-5,                             )
                                           )
    **Defendants.**                )
                                           )
_____           )

### DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Defendant QUIKTRIP CORPORATION and files its Answer and Defenses to Plaintiff's Complaint for Damages showing the Court the following:

### FIRST DEFENSE

Plaintiff's claim is barred as the "plain view" doctrine articulated in *Robinson v. Kroger Co*, 268 Ga. 735, 498 S.E.2d 403 (1997), applies to impute equal knowledge of the alleged hazard to Plaintiff, and Plaintiff's failure to exercise ordinary care for his own safety bars his claim.

### SECOND DEFENSE

No act or omission by Defendant either directly or proximately caused nor contributed to whatever injury or damage Plaintiff claims to have sustained.

### THIRD DEFENSE

Defendant has breached no duty owed to the Plaintiff.

### FOURTH DEFENSE

Plaintiff failed to exercise reasonable care for his own safety, and such failure was sole direct and proximate cause of any alleged injuries to Plaintiff.



**FIFTH DEFENSE**

As discovery has not yet begun, Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

**SIXTH DEFENSE**

As a next Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION**

1.

Defendant can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

3.

Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4918-0590-5841, v. 2

## JURISDICTION AND VENUE

4.

Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## RELEVANT FACTS

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant can neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

Defendant can neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

Defendant can neither admit nor deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3

4918-0590-5841, v. 2

10.

Defendant denies as pled the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant can neither admit nor deny the allegations contained in Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

18.

Defendant can neither admit nor deny the allegations contained in Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

4

## COUNT I – NEGLIGENCE OF ALL DEFENDANTS

19.

In response to Paragraph 19 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 18 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

20.

Defendant can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

21.

Defendant can neither admit nor deny the allegations contained in Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained within Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

5

## COUNT II – VICARIOUS LIABILITY

26.

In response to Paragraph 26 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 25 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

27.

Defendant can neither admit nor deny the allegations contained in Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

28.

Defendant can neither admit nor deny the allegations contained in Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

29.

Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant can neither admit nor deny the allegations contained in Paragraph 31 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

32.

Defendant can neither admit nor deny the allegations contained in Paragraph 32 of

6

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

## DAMAGES

33.

In response to Paragraph 33 of Plaintiffs' Complaint, this Defendant incorporates by reference each response to Paragraphs 1 through 32 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

34.

Defendant denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

Defendant can neither admit nor deny the allegations contained in Paragraph 35 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

36.

Defendant denies the allegations contained within Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

39.

All remaining allegations contained in Plaintiff's Complaint not specifically admitted or denied herein are denied.

7

WHEREFORE, having fully answered, QuikTrip Corporation prays that it be discharged without costs.

**A TRIAL BY A JURY OF TWELVE IS DEMANDED.**

This 12th day of June, 2026.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip*

8

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JOHN DAVIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| v. | ) **FILE NO.  26-A-2730** |
| | ) |
| QUIKTRIP CORPORATION and | ) |
| JOHN DOES 1-5, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Willie C. Ellis Jr.
THE ELLIS FIRM
3400 Peachtree Road, NE, Suite 725
Atlanta, GA 30326
will@call-ellis.com
*Counsel for Plaintiff*

This 12th day of June, 2026.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

*Victoria Williams*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip*

9

4918-0590-5841, v. 2

ID# E-GHRNFTNN-UXM
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**26-A-2730**
**JUN 12, 2026 12:28 PM**

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **JOHN DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION** |
| | ) **FILE NO. 26-A-2730** |
| | ) |
| **QUIKTRIP CORPORATION and** | ) |
| **JOHN DOES 1-5,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANT QUIKTRIP CORPORATION 'S DEMAND FOR TRIAL BY A JURY OF TWELVE JURORS

COMES NOW **QUIKTRIP CORPORATION**, Defendant in the above-styled Civil

Action, and files this Demand for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-

122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for
> damages is greater than $50,000.00, either party may demand in
> writing prior to the commencement of the trial term that the case
> be tried by a jury of 12.  If such a demand is made, the judge shall
> follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is
> demanded, the judge shall follow the procedures for superior
> courts of sub-section (b) of this Code section.

**WHEREFORE**, demand is made for trial of this case by a jury of 12 as by law provided.



This 12th day of June, 2026.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**


Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA R. WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip*

2

4933-9934-8401, v. 2

**IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| JOHN DAVIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| v. | ) **FILE NO.  26-A-2730** |
| | ) |
| QUIKTRIP CORPORATION and | ) |
| JOHN DOES 1-5, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION 'S DEMAND FOR TRIAL BY A JURY OF TWELVE JURORS** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Willie C. Ellis Jr.
THE ELLIS FIRM
3400 Peachtree Road, NE, Suite 725
Atlanta, GA 30326
will@call-ellis.com
*Counsel for Plaintiff*

This 12th day of June, 2026.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA R. WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip*

3

4933-9934-8401, v. 2

ID# E-GHRNFTNN-PMT
≣ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA
**26-A-2730**

**JUN 12, 2026 12:28 PM**

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JOHN DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **CIVIL ACTION** |
| v. | ) **FILE NO.  26-A-2730** |
| | ) |
| QUIKTRIP CORPORATION and | ) |
| JOHN DOES 1-5, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFIY that I have this day served the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** via statutory electronic service to the following counsel of record:

Willie C. Ellis Jr.
THE ELLIS FIRM
3400 Peachtree Road, NE, Suite 725
Atlanta, GA 30326
will@call-ellis.com
*Counsel for Plaintiff*

This 12ᵗʰ day of June, 2026.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA R. WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip*

8

4927-5355-6913, v. 2

ID# E-GHRNFTNN-YWB
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**26-A-2730**

**JUN 12, 2026 12:28 PM**

*Tahnicia Phillips*
Tahnicia Phillips, Clerk of State Court
Cobb County, Georgia

**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JOHN DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO.  26-A-2730** |
| | ) | |
| **QUIKTRIP CORPORATION and** | ) | |
| **JOHN DOES 1-5,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT QUIKTRIP CORPORATION'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO:  Plaintiff JOHN DAVIS, c/o his attorneys**

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant QuikTrip

Corporation has filed a Notice of Removal of the above-styled action to the United States

District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached

hereto and by reference made a part hereof.

This 12th day of June 2026.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

*[signature]*
_____
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA R. WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip Corporation*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com



**IN THE STATE COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JOHN DAVIS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | )   **CIVIL ACTION** |
| v. | )   **FILE NO.  26-A-2730** |
| | ) |
| QUIKTRIP CORPORATION and | ) |
| JOHN DOES 1-5, | ) |
| | ) |
|     **Defendants.** | ) |
| _____ | ) |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF FILING NOTICE OF REMOVAL** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Willie C. Ellis Jr.
THE ELLIS FIRM
3400 Peachtree Road, NE, Suite 725
Atlanta, GA 30326
will@call-ellis.com
*Counsel for Plaintiff*

    This 12th day of June 2026.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000          **CANDICE R. BRYANT**
275 Scientific Drive              Georgia Bar No. 807404
Peachtree Corners, GA 30092   **VICTORIA R. WILLIAMS**
404-881-2622                  Georgia Bar No. 165023
404-881-2630 (fax)           *Counsel for QuikTrip Corporation*
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN DAVIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| v. | ) **FILE NO.  26-A-2730** |
| | ) |
| QUIKTRIP CORPORATION and | ) |
| JOHN DOES 1-5, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANT QUIKTRIP CORPORATION'S
### NOTICE OF REMOVAL

COMES NOW, **QUIKTRIP CORPORATION,** Defendant in the above-styled civil action, and hereby removes Civil Action File No. 26-A-2730 from the State Court of Cobb County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for its removal states as follows:

### STATEMENT OF THE CASE

1.

Defendant QuikTrip Corporation has been sued in a civil action brought in the State Court of Cobb County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and

{Firm/2015/00011/PLEADING/02884119.DOCX }

documents from the Superior Court Action have been attached as Defendant's Exhibit 1 (hereinafter "Ex. 1").

2.

The present matter is an action for damages for bodily injuries stemming from an alleged December 25, 2025 incident to have occurred at Defendant QuikTrip Corporation's gas station located at 2180 Windy Hill Road Smyrna, Cobb County, Georgia 30080. (hereinafter "the subject incident"). Ex. 1, Complaint, ¶ 6. Plaintiff makes claims against Defendant QuikTrip Corporation for special, general, compensatory, consequential damages. *Id.*, Complaint, ¶¶ 33-37.

3.

The Complaint was filed on May 8, 2026, in the State Court of Cobb County, Civil Action File No.26-A-2730. *See* Ex. 1, Complaint. Defendant QuikTrip Corporation was served with the Summons and Complaint on May 15, 2026.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

4.

Plaintiff John Davis is, and was at the time this lawsuit was filed, believed to be a citizen of the State of Georgia. Id. at ¶ 1. Defendant QuikTrip Corporation is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Oklahoma with its principal place of business in Oklahoma. Id. at ¶ 2. Therefore, there is complete diversity of citizenship between the parties.

4910-0958-8404, v. 6

5.

Plaintiff alleges that, as a result of the subject incident, he "suffered injuries to, among other things, his right shoulder, neck, and back," and that he has incurred and will continue to incur medical expenses and other damages.  Id. at ¶¶ 17-18.  Plaintiff further alleges that he suffered serious bodily injuries; physical pain and suffering; disability; impairment; loss of capacity to enjoy life, both past and future; past medical expenses; future medical expenses; mental anguish; inconvenience; and emotional distress.  Id. at ¶¶ 34-36. Plaintiff also alleges that he has incurred lost earnings. Id. at ¶ 25.  Further, Plaintiff's counsel has represented that Plaintiff has undergone chiropractic care, orthopedic care, and physical therapy, and may have a surgical recommendation.

6.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001).  In the present case, it is facially apparent from the Complaint and Plaintiff's representations that the requisite $75,000.00 amount in controversy requirement has been met.

4910-0958-8404, v. 6

## ALL PROCEDURAL REQUIREMENTS
## FOR REMOVAL HAVE BEEN SATISFIED

7.

As QuikTrip Corporation has been served with the Summons and Complaint, and this Notice of Removal is being filed within 30 days from the date QuikTrip Corporation was served in this matter. Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action. As such, Defendant QuikTrip Corporation expressly consents to the removal of this action and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Notice of Removal, Defendant QuikTrip Corporation does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant QuikTrip Corporation intends no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, Defendant QuikTrip Corporation prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

4910-0958-8404, v. 6

<u>**CERTIFICATE OF COMPLIANCE**</u>

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

This 12th day of June, 2026.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

| | |
|---|---|
| Meridian II, Suite 2000 | /s/ Candice R. Bryant |
| 275 Scientific Drive | **CANDICE R. BRYANT** |
| Peachtree Corners, GA 30092 | Georgia Bar No. 807404 |
| 404-881-2622 | **VICTORIA R. WILLIAMS** |
| 404-881-2630 (fax) | Georgia Bar No. 165023 |
| cbryant@cmlawfirm.com | *Counsel for QuikTrip* |
| vwilliams@cmlawfirm.com | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that I have this day electronically filed the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE OF REMOVAL** with the Clerk of the Court using the PeachCourt e-filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Willie C. Ellis Jr.
THE ELLIS FIRM
3400 Peachtree Road, NE, Suite 725
Atlanta, GA 30326
will@call-ellis.com
*Counsel for Plaintiff*

This 12th day of June, 2026.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
404-881-2622
404-881-2630 (fax)
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com

/s/ Candice R. Bryant
**CANDICE R. BRYANT**
Georgia Bar No. 807404
**VICTORIA R. WILLIAMS**
Georgia Bar No. 165023
*Counsel for QuikTrip*

{Firm/2015/00011/PLEADING/02884119.DOCX }