IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DAVIS,<br><br>Plaintiffs,<br><br>v.<br><br>QUIKTRIP CORPORATION and JOHN DOES 1-5,<br><br>Defendant. | Civil Action File No.<br><br>1:26-CV-03303-TWT |

**PLAINTIFF'S INITIAL DISCLOSURES**

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Plaintiff John Davis asserts claims for negligence, premises liability, vicarious liability, and punitive damages against Defendant QuikTrip Corporation (QuikTrip) and John Does 1-5 arising from a slip-and-fall incident at a QuikTrip gas station located at 2180 Windy Hill Road, Smyrna, Cobb County, Georgia 30080, on December 25, 2025.**

**Plaintiff, a lawful invitee who was at the store to purchase gas and coffee, slipped and fell in the parking lot while walking to his vehicle. The fall was caused by water, soap, oil, debris, and other contaminants that Defendant's**

**employees and/or contractors had deposited and allowed to remain on the walking surface during cleaning and maintenance activities. Defendant failed to properly inspect, clean, dry, or remediate the hazardous condition, failed to adequately supervise and train its personnel performing those activities, and failed to place any cones, signs, caution tape, or barriers to warn customers or restrict access to the area.**

**Plaintiff had no prior knowledge of the dangerous condition despite exercising ordinary care, while Defendant had actual and/or constructive knowledge of it. These failures proximately caused Plaintiff's injuries and damages.**

**The legal issues include whether Defendants exercised ordinary care, whether Defendants' conduct was negligent, and the causation and extent of Plaintiff's injuries and damages.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Plaintiff contends that this action arises under Georgia law and is governed by the principles of premises liability, negligence, and vicarious liability. Plaintiff relies on O.C.G.A. §§ 51-1-2, 51-1-6, and 51-3-1, which define the duty of ordinary care, establish a cause of action for negligence, and impose liability on property owners and occupiers for unsafe conditions on the**

**premises and approaches. Plaintiff also invokes O.C.G.A. § 51-12-5.1 in support of punitive damages for willful misconduct, and O.C.G.A. § 13-6-11 for the recovery of attorney's fees and expenses of litigation based on bad faith and unnecessary trouble and expense. The claims specifically include negligent failure to inspect, negligent failure to warn, negligent failure to maintain the parking lot walking surface in a safe condition, and the recovery of reasonable attorney's fees.**

**Plaintiff further contends that federal jurisdiction is subject to challenge because Plaintiff named John Does 1-5 in the Complaint filed in the Cobb County State Court as QuikTrip employees, contractors, and/or agents who participated in and/or were responsible for the inspection, maintenance, supervision, cleaning, and safety activities giving rise to Plaintiff's fall. These individuals are believed to be Georgia residents and are known to Defendant QuikTrip. Indeed, they were personnel acting on behalf of QuikTrip at the subject premises, and their identities are within QuikTrip's possession, custody, and control. It is axiomatic that remand would be appropriate if any one of the John Does is a contractor or employee as, under Georgia law, it has been long held that an employee can be held individually liable for his or her acts of misfeasance, even if acting within the scope of employment. *See, e.g., Reed v. Arrington-Blount Ford, Inc.*, 148 Ga. App. 595, 597 (1979) (employee could be**

**held individually liable for breaching "a duty owed by the agent to the injured party," even though the employee "act[ed] entirely in the course of her employment");** ***Coffer v. Bradshaw*****, 46 Ga. App. 143, 148, 167 S.E. 119, 120 (1932) ("An agent is liable to third persons who suffer injury by his acts of misfeasance in the conduct of his principal's business.").**

**To the extent the individuals who performed the pressure washing and those responsible for supervising them are Georgia citizens whose joinder would destroy diversity jurisdiction, Plaintiff will seek remand pursuant to 28 U.S.C. § 1447(e), which authorizes the federal district court to remand the action to state court "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."** ***See, e.g., Dunigan v. Countrywide Home Loans, Inc.*****, 2009 WL 10698799, at *6 (N.D. Ga. Sept. 10, 2009).**

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

***See*** **Attachment A.**

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

***See* Attachment B.**

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

***See* Attachment C.**

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

***See* Attachment D.**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Plaintiff is not in possession, custody or control of any such agreement.**

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest

**Plaintiff is not in possession, custody or control of any such information.**

Respectfully submitted this 13th day of July, 2026.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Suite 725
Atlanta, Georgia 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

## CERTIFICATION OF COMPLIANCE

Pursuant to LR 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to LR 5.1(C).

Respectfully submitted this 13th day of July, 2026.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Suite 725
Atlanta, Georgia 30326
Telephone: (770) 212-1432
Fascimile: (404) 393-2392
will@call-ellis.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Candice R. Bryant Esq.
Victoria R. Williams Esq.
**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
Atlanta, Georgia 30303
cbryant@cmlawfirm.com
vwilliams@cmlawfirm.com
*Attorneys for QuikTrip*

Respectfully submitted this 13th day of July, 2026.

**THE ELLIS FIRM**

*/s/ Willie C. Ellis Jr.*
Willie C. Ellis Jr.
Georgia Bar No. 246116
*Counsel for Plaintiff*

3400 Peachtree Road N.E.,
Suite 725
Atlanta, Georgia 30326
Telephone: (770) 212-1432
Facsimile: (404) 393-2392
will@call-ellis.com

**ATTACHMENT A**
**PLAINTIFF'S PRELIMINARY LIST OF WITNESSES**

1. **Plaintiff John Davis**
   2360 Delk Road
   Marietta, Georgia 30067
   (404) 573-0324

Plaintiff has knowledge of the facts supporting the allegations contained in the Complaint, his medical treatment, medical bills, and damages – including pain and suffering, lost wages, loss of enjoyment of life, and loss of future earning capacity. Plaintiff may be contacted through his counsel.

2. **Defendant QuikTrip**

Defendant is the entity responsible for the ownership, operation, and management of the gas station where the subject incident occurred. It is believed to know the identities of the employees who worked at the gas station at issue in this case, which is located at 2180 Windy Hill Road, Smyrna, Georgia 30080, as well as, among other things, the condition of the parking lot walking surface, the cleaning and maintenance activities performed before Plaintiff's fall, the placement or absence of cones, warning signs, caution tape, barricades, or other barriers, the preservation of surveillance footage, and the preparation of any incident report.

3. **John Does 1-5**

The contact information for these individuals is currently unknown to Plaintiff but believe to be known to Defendant QuikTrip. John Does 1-5 are unidentified employees and/or contractors of QuikTrip Corporation and are believed to have direct knowledge and/or direct involvement in the events leading to the incident and the hazardous condition they created and/or allowed to remain. The identity and contact information of John Does will be determined during discovery.

4. **Manager and/or employees of QuikTrip Corporation**

The contact information for this individual is currently unknown to Plaintiff but is known to Defendant QuikTrip. Plaintiff spoke with a QuikTrip manager following the incident, and an incident report was made with QuikTrip. This manager and/or any employees involved in the incident response are anticipated to

have knowledge regarding Plaintiff's fall, the condition of the area immediately following the incident, statements made at the scene, the preparation of any incident report, whether surveillance footage was reviewed or preserved, and the identity of any witnesses.

5. **QuikTrip Corporation's Employees who worked at the gas station at issue in this case on December 25, 2025**

The contact information for these individuals is currently unknown to Plaintiff but believe to be known to Defendant QuikTrip. These individuals are employees or contractors who are believed to have knowledge of the oily water and/or other contaminants, assisted in cleanup, observed the hazardous condition, or responded after Plaintiff's fall. These individuals are expected to have knowledge of store practices, maintenance efforts, cleaning activities, inspection procedures, and the use or absence of warnings or barriers.

6. **Contractors for QuikTrip Corporation who inspected, cleaned, maintained, pressure washed, or otherwise serviced the parking lot and walking surfaces at the subject premises**

The contact information for these individuals is currently unknown to Plaintiff but believe to be known to Defendant QuikTrip. These individuals include contractors involved in the inspection, cleaning, maintenance, repair, and/or servicing of the parking lot and walking surfaces prior to Plaintiff's fall. These contractors are believed to have knowledge of maintenance practices, cleaning methods, inspection protocols, use of cleaning agents, warnings, barriers, and any repairs or modifications made before the incident. Their testimony may be relevant to issues of liability and notice.

7. **Any individuals who witnessed Plaintiff's fall or observed the condition of the subject premises immediately before or after the incident**

The specific identities of these individuals are currently unknown. Plaintiff has identified that at least one witness who may have been present at the time of the incident. These individuals are expected to possess knowledge regarding the

condition of the walking surface, the presence of oily water and/or other contaminants, whether warning signs or barriers were present, Plaintiff's fall, statements made at the scene, and Defendant's response to the incident.

Plaintiff reserves the right to amend the exhibit list as additional witnesses are identified in discovery.

**ATTACHMENT B**

As of the filing of these Disclosures, Plaintiff has not retained an expert witness whose testimony may be used at trial under the Federal Rules of Evidence 702, 703, or 705. In the event Plaintiff retains such an expert, Plaintiff will amend his response to this disclosure accordingly.

# ATTACHMENT C

(1) Photographs of the subject property taken at the time of the incident and/or immediately thereafter.

(2) Detailed records and invoices from all medical providers who treated Plaintiff for injuries sustained in the subject slip and fall incident. These documents are located with Plaintiff's counsel and/or the respective healthcare providers; and

(3) Documents produced by Defendants in discovery – including incident video, incident report, witness statements and investigations, and Defendant's and/or its agent policies with respect to cleaning the subject area.

Plaintiff reserves the right to amend this exhibit list as additional documents are identified in discovery.

## ATTACHMENT D

Plaintiff reserves the right to supplement this computation with specific amounts and documentation as further information becomes available.

(1) **Medical Expenses**: Plaintiff seeks recovery for all reasonable and necessary medical expenses incurred due to the injures sustained in the incident. These include but are not limited to cost for surgery, ongoing treatment, rehabilitation, and any anticipated future medical care required as a result of the injuries.

**Computation Basis**: To be calculated from itemized medical bills, treatment records, and professional assessment of future medical needs, with documentation provided as discovery progresses.

(2) **Lost Wages and Loss of Earning Capacity**: Plaintiff seeks compensation for lost income sustained due to the six (6) weeks of time and opportunities missed from work, in addition to any long-term impacts on earning potential caused by his injuries.

**Computation Basis**: Calculation will rely on tax records, employment history, and if necessary, expert analysis on how Plaintiff's injuries impact his capacity to earn wages in the future.

(3) **Pain and Suffering:** Plaintiff seeks damages for physical pain, mental anguish, and emotional distress resulting from the incident. This category

includes compensation for the ongoing pain, suffering, and loss of enjoyment of life caused by his injuries.

**Computation Basis:** To be assessed by the enlightened conscience of the jury based on the nature, extent, and long-term effect of Plaintiff's injuries.

(4) **Punitive Damages**: Plaintiff seeks punitive damages to deter Defendants from engaging in future conduct that disregards the safety of business invitees, as evidenced by their failure to compensate Plaintiff for the injuries incurred at the direction of Defendant's employees and/or contractors.

**Computation Basis**: Subject to the jury's discretion based on evidence presented regarding this slip and fall incident.